DELFÍN RODRÍGUEZ, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1701.—Argued November 3, 1947.—Decided November 14, 1947.

*Ildefonso Freyre* for petitioner. *A. Ramírez Silva* for intervener, de‑ fendant in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

We issued the writ in this case to review an order of the District Court of Mayagüez directing petitioner, plaintiff in an action for damages in the lower court, to answer some in‑ terrogatories submitted by the respondent, prior to the serv‑ ice of the answer.[1] The court based its decision on *Water Resources Authority* v. *District Court,* 66 P.R.R. 796.

Rule 33 of Civil Procedure, in its pertinent part, provides that:

"Any party may serve upon any adverse party written inter‑ rogatories to be answered by the party served . . . The interroga‑ tories shall be answered separately and fully in writing under oath. . . . Objections to any interrogatories may be presented to

---

[1] Plaintiff had already submitted a bill of particulars sought by the da‑ fendant and ordered by the court.

the court within 10 days after service thereof, with notice as in case of a motion; and answers shall be deferred until the objections are determined, which shall be at as early a time as is practicable. No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party.''

It is true that Rule 33 does not expressly state the time at which parties may serve interrogatories. Nevertheless, after studying this matter under the Federal system, which is the origin of our rules, we find that Moore in his commentaries to said rule, states the following:

"Rule 33 does not state the times at which parties may serve written interrogatories upon each other. Since the discovery permitted under Rule 33 is as broad in scope as discovery by depositions, the reasons for the time provisions in Rule 26(a) with respect to the taking of depositions would seem to be applicable to the serving of interrogatories under Rule 33. In both situations it is advisable to have the issues formed by the pleadings before according the parties a right to unlimited discovery, thereby avoiding unnecessary discovery as to matters which will not be put in issue. Hence any party may serve interrogatories as of right without leave of court, upon an adverse party *after* an answer has been served. *If for some good reason a party wishes to serve interrogatories upon an adverse party prior to the service of an answer,* but after jurisdiction has been obtained over such adverse party or over property which is the subject of the action, *he must obtain leave of court to do so.* The earlier discussion in connection with the time provisions in the first sentence of Rule 26(a) are applicable to the serving of interrogatories under Rule 33.'' (Italics ours.) 2 Moore Federal Practice 2621.

The discussion to which Moore refers is as follows:

"Rule 26(a) provides (1) that any party may take the deposition of any person, whether a party or not after jurisdiction has been obtained over any defendant or over property which is the subject of the action and before an answer is served, *only upon leave of court;* and (2) that any party may take the deposition of any person, whether a party or not, after an answer is served, *without leave of court.* The purpose of permitting the parties to take depositions as a matter of right only after an answer is served is to allow the issues to be framed sufficiently to avoid unnecessary examination on

issues which are not put in dispute by the answer. Thus if the plaintiff had the right to proceed with the taking of depositions as soon as the defendant was served with process but before the defendant has served his answer, the examination by deposition might prove a source of unnecessary annoyance and harassment to the defendant as the examination might relate to an allegation in the complaint which the defendant intended to admit in his answer. On the other hand, situations might arise justifying the taking of a deposition by the plaintiff or defendant before the answer is served, such as where a witness is about to leave the district or is aged, infirm or sick. The Rule provides for such a situation by permitting either the plaintiff or defendant or both to proceed with the taking of depositions before the answer is served, upon obtaining leave of court.'' Moore, *op. cit.* 2463.

 We believe that since the object pursued by Rules 33 and 26(*a*), that is, to obtain evidence to be used during the trial, is the same, the general rule recommended by Moore should prevail. If no good reason is alleged for serving interrogatories prior to the service of the answer, the court should not exercise its discretion in granting permission to do so. A powerful reason should be alleged and proved justifying a change in the normal procedure. In the case at bar the respondent failed to set up in his motion any reason or good cause why the court should order plaintiff to answer the interrogatories prior to the service of the answer.

The case of *Puerto Rico Water Resources* v. *District Court, supra,* does not uphold the order appealed from. It rather contradicts the same upon examining the cases cited on page 802 construing the scope of Rules 12(*e*) and 33.

The aim pursued by Rule 33, *supra,* is to permit the parties to obtain evidence which may be either received or refused at the trial and therefore it is not proper, as a general rule, to grant leave to serve interrogatories prior to the service of the answer and before the controversy in the case has been established. As an exception, however, leave may be granted when a good cause is shown justifying the court to do so.

The order of the lower court should be annulled.